# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40581
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARIS LIZBETH VITE-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-11-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Aris Lizbeth Vite-Garcia appeals her conviction for the importation of 500 grams or more of a mixture or substance containing methamphetamine. She argues that the factual basis for her guilty plea was insufficient because the Government did not prove that she knew the type and quantity of the controlled substance involved in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40581

Seeking to preserve her argument for further appellate review, Vite-Garcia concedes that it is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009).  In *Betancourt*, we held that *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not overturn *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003), and that the Government is not required to prove knowledge of the drug type and quantity as an element of a 21 U.S.C. § 841 drug trafficking offense.  Likewise, knowledge of drug type and quantity is not an element that must be proven for an offense under the related drug importation statutes of 21 U.S.C. §§ 952(a) and 960(a).  *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978); *see United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999).  Thus, the Government was not required to prove that Vite-Garcia knew the type and quantity of the controlled substance involved in her drug importation offense.

In light of the foregoing, Vite-Garcia has filed an unopposed motion for summary disposition.  Because her argument is foreclosed, her motion is GRANTED, and the district court's judgment is AFFIRMED.